BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX
Social Security Administration
TOVA WOLKING, CSBN 259782
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8980
    Facsimile: (415) 744-0134
    E-Mail: tova.wolking@ssa.gov
Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GLENN V. WHITSETT, | Case No. 1:10-cv-01070-SKO |
|     Plaintiff,<br>v. | STIPULATION TO REOPEN CASE AND ORDER REOPENING CASE AND SETTING BRIEFING SCHEDULE |
| MICHAEL J. ASTRUE<br>Commissioner of Social Security, | (Docket No. 25) |
|     Defendant. | |

IT IS HEREBY STIPULATED by the parties, through their undersigned attorneys, and subject to the approval of the Court, that this case shall be reopened.

On June 8, 2011, the Court remanded this case for further administrative proceedings and retained jurisdiction pursuant to sentence six of 405(g). The parties stipulated to remand this case because the transcript of Plaintiff's January 22, 2008 administrative hearing was not in the certified administrative record filed with this Court on November 9, 2010. According to the stipulation and order, if the Appeals Council could not locate the recording within a reasonable time, it would remand this case to an administrative law judge (ALJ) with instructions to hold a *de novo* hearing and issue a new decision.

Subsequently, the Appeals Council searched for the hearing tape but could not locate it. Thus, it remanded Plaintiff's claim to the Sacramento hearing office to provide Plaintiff with an opportunity to appear at another hearing and develop the record further. Upon remand, an ALJ held a *de novo* hearing and issued an unfavorable October 28, 2011 decision.

Now that the administrative proceedings have concluded, reopening is necessary. In a sentence-six remand case, the Court retains jurisdiction following the remand. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (district court retains jurisdiction over Social Security cases remanded under 42 U.S.C. § 405(g), sentence six, and where the final administrative decision is favorable to one party or the other, the Commissioner is to return to Court following completion of the administrative proceedings on remand so that the Court may enter a final judgment); *see also Shalala v. Schaefer*, 509 U.S. 292, 298-300 (1993).

> [A] sentence six remand, because of clear language in the social security statute, implies and necessarily involves a reservation of jurisdiction for the future and contemplates further proceedings in the district court and a final judgment at the conclusion thereof. A sentence six remand judgment, the Court said, is therefore always interlocutory and never a "final" judgment.

*Carrol v. Sullivan*, 802 F.Supp. 295, 300 (C.D.Cal. 1992) (paraphrasing and quoting *Melkonyan*).

Unless the Court orders otherwise, within thirty (30) days of reopening, Defendant will file the corrected certified administrative record. The parties will then continue litigation of the case consistent with this Court's June 15, 2010 scheduling order, as follows:

- Within thirty (30) days after service of the corrected certified administrative record, Plaintiff shall serve on Defendant a confidential letter brief outlining the reasons why he contends that remand is warranted.
- Within thirty-five (35) days after service of Plaintiff's confidential letter brief, Defendant shall serve a confidential response on Plaintiff.
- In the event that Defendant does not agree to remand, within thirty (30) days of service of Defendant's response, Plaintiff shall file an opening brief with the court.
- Defendant's responsive brief shall be filed with the court within thirty (30) days after service of Plaintiff's opening brief.
- Plaintiff's reply brief shall be filed with the court within fifteen (15) days after service of Defendant's brief.

///

The parties agree that it is appropriate to reopen this case in order to continue litigation, and in order to resolve the Court's sentence six jurisdiction.

Respectfully submitted,

DATE: November 16, 2012   By:   */s/ Young Chul Cho\**
YOUNG CHUL CHO
(*As authorized via email)
Attorney for Plaintiff

BENJAMIN B. WAGNER
United States Attorney

DATE: November 16, 2012   By:   */s/ Tova D. Wolking*
TOVA D. WOLKING
Special Assistant United States Attorney

Attorneys for Defendant Michael J. Astrue

## **ORDER**

Pursuant to the terms of the above Stipulation, IT IS HEREBY ORDERED that:

1. This case is reopened based on the jurisdiction retained by the Court pursuant to 42 U.S.C. § 405(g), sentence six; and

2. The following briefing schedule shall be implemented:

    a. Defendant shall file a corrected certified administrative record by no later than December 20, 2012;

    b. Plaintiff shall serve a confidential letter brief on Defendant by no later than January 22, 2013;

    c. Defendant shall serve a confidential response on Plaintiff by no later than March 1, 2013;

    d. In the event that Defendant does not agree to a remand, Plaintiff shall file an opening brief with the Court by no later than April 3, 2013;

e. Defendant's responsive brief shall be filed with the Court by no later than May 6, 2013; and

f. Plaintiff may file a reply brief by no later than May 24, 2013.[1]

IT IS SO ORDERED.

Dated: **November 20, 2012**                      **/s/ Sheila K. Oberto**
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] **Error! Main Document Only.**These dates reflect application of the Federal Rules of Civil Procedure 6(a)(1)(C), 6(a)(6)(A), and 6(d); no additional days are to be added pursuant to Rule 6.