1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10
11

GLENN V. WHITSETT,                           Case No.  1:10-cv-01070-SKO

12

        Plaintiff,                        **ORDER REGARDING PLAINTIFF'S COMPLAINT**

13

      v.

14

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

15

        Defendant.

16
17

_____/

18

### INTRODUCTION

19

      Plaintiff Glenn V. Whitsett ("Plaintiff") seeks judicial review of a final decision of the

20

Commissioner of Social Security (the "Commissioner" or "Defendant") denying his application for

21

Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act (the "Act").

22

42 U.S.C. § 405(g).  The matter is currently before the Court on the parties' briefs, which were

23

submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate

24

Judge.[1]

25

### FACTUAL BACKGROUND

26

      Plaintiff was born in 1952, obtained an associate's degree, and worked as a computer

27

technician/operator, custodian, and truck driver.  (Administrative Record ("AR") 107, 123, 127.)

28

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge for all purposes.  (Docs. 8, 9.)

On June 13, 2006, Plaintiff filed an application for DIB, alleging disability beginning on January 1, 1999, due to post-polio syndrome.  (AR 107-09, 122.)

**A.      Relevant Proceedings**[2]

Plaintiff filed an application for DIB on June 13, 2006, which was denied on July 21, 2006, and again on reconsideration on December 20, 2006.  (AR 71-74, 77-80.)  Plaintiff requested a hearing before an ALJ, which was held on March 20, 2008.  (AR 83, 21-53.)  On May 15, 2008, the ALJ issued a decision finding Plaintiff not disabled since January 1, 1999, the alleged disability onset date.  (AR 56-68.)  Plaintiff sought review of the ALJ's decision with the Appeals Council, which was denied on April 12, 2010.  (AR 1-4.)  Therefore, the ALJ's decision became the final decision of the Commissioner.  20 C.F.R. § 404.981.

On June 15, 2010, Plaintiff filed the current complaint before this Court seeking review of the ALJ's decision.  (Doc. 1.)  On January 28, 2011, the parties filed a stipulation indicating that the Commissioner agreed to a voluntary remand of the case for further administrative proceedings pursuant to the sentence six of section 205(g) of the Act, 42 U.S.C. § 405(g), because the recording of the administrative proceeding could not be found.  (Doc. 16.)  The parties stipulated that if the recording could not be found within a reasonable time, the Appeals Council would remand the case to an ALJ with instructions to hold a *de novo* hearing and issue a new decision.  (Doc. 16.)  On February 4, 2011, the Court approved the parties' stipulation and the case was remanded.  (Doc. 17.)

On May 16, 2011, the Appeals Council remanded the case to the ALJ.  (AR 332.)  The Appeals Council noted that Plaintiff had filed a subsequent application for Supplemental Security Income ("SSI"), and had been found disabled as of June 1, 2010.   (AR 332.)  Accordingly, the Appeals Council vacated the final decision of the ALJ in this action for the period prior to June 1, 2010, and remanded the case to an ALJ for further proceedings, ordering that:

---

[2] Plaintiff's brief raises arguments asserting that the administrative law judge ("ALJ") impermissibly ignored the Appeals Council's directive to consider the evidence associated with Plaintiff's subsequent application and to obtain testimony from a medical expert.  (Doc. 31.)  Plaintiff does not, however, challenge any of the ALJ's findings.  As such, the Court will consider only the ALJ's actions related to the Appeals Council's directive, as Plaintiff has waived any other arguments.  *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (explaining that arguments not raised before the district court are generally waived).

1

2

3

> . . . the Administrative Law Judge will consider the additional evidence submitted with the subsequent claim. The Administrative Law Judge may wish to obtain the testimony of a medical expert to address the issue of onset of disability prior to June 1, 2010, in accordance with Ruling 83-20. The Administrative Law Judge will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision.

4    (AR 332.)

5        On June 8, 2011, the Court ordered the Commissioner to file a status report every 90 days

6    regarding the progress of the administrative proceedings and administratively closed the action.

7    (Doc. 21.)

8        On October 12, 2011, a hearing was held before ALJ Stanley R. Hogg, where Plaintiff,

9    represented by counsel, and a vocational expert testified. (AR 288-325.)

10        On October 28, 2011, the ALJ issued a decision finding Plaintiff not disabled from any

11   time from January 1, 1999, the alleged disability onset date, through September 30, 2001, the date

12   last insured for DIB. (AR 266-81.) Specifically, the ALJ found that (1) Plaintiff last met the

13   insured status requirements of the Act through September 30, 2001; (2) Plaintiff had not engaged

14   in substantial gainful activity from the alleged disability onset date of January 1, 1999, through his

15   date last insured of September 30, 2001; (3) Plaintiff had severe impairments of post-polio

16   syndrome with chronic right shoulder tendonitis based on the requirements in the Code of Federal

17   Regulations; (4) through the date last insured, Plaintiff did not have an impairment or combination

18   of impairments that met or equaled one of the impairments set forth in 20 C.F.R. Part 404, Subpart

19   P, Appendix 1; (5) Plaintiff had the residual functional capacity ("RFC")[3] to perform sedentary

20   work except he could not work at or above shoulder level with the upper right extremity but was

21   able to work at a bench or at table level and had good use of his hands; (6) through the date last

22   insured, Plaintiff was unable to perform past relevant work; (7) Plaintiff was defined as a younger

23   individual on the date last insured; (8) Plaintiff had at least a high school education and was able

24

25   [3] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. Social

26   Security Ruling 96-8p. The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a claimant's

27   RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'"

28   *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

3

to communicate in English; (9) the transferability of job skills was not material to the disability determination because Plaintiff was "not disabled" under the Medical-Vocational Rules whether or not Plaintiff had transferrable job skills; (10) through the date last insured, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform; and (11) Plaintiff had not been under a disability as defined in the Act, at any time from January 1, 1999, the alleged onset date, through September 30, 2001, the date last insured.  (AR 272-81.)

On November 16, 2012, the parties filed a stipulation with the Court to reopen the case, stating that "[i]n a sentence-six remand case, the Court retains jurisdiction following the remand." (Doc. 25, 2:5-6.)  The parties agreed that, based on the ALJ's issuance of an unfavorable decision against Plaintiff, it was appropriate to reopen the case in order to continue litigation.  (Doc. 25.) On November 20, 2012, the Court ordered that the case be reopened based on the jurisdiction retained by the Court pursuant to 42 U.S.C. § 405(g), sentence six, and set a briefing schedule. (Doc. 26.)

**B.      Plaintiff's Current Appeal**

Plaintiff contends that the ALJ (1) impermissibly ignored the Appeals Council's directive to consider the evidence associated with Plaintiff's subsequent application for SSI, and (2) erred in failing to adduce testimony from a medical expert.  (Doc. 31.)

### SCOPE OF REVIEW

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).  In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

"Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

1  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*,

2  305 U.S. 197, 229 (1938)).  The Court "must consider the entire record as a whole, weighing both

3  the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and

4  may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v.*

5  *Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

6                                            **APPLICABLE LAW**

7          An individual is considered disabled for purposes of disability benefits if he is unable to

8  engage in any substantial, gainful activity by reason of any medically determinable physical or

9  mental impairment that can be expected to result in death or that has lasted, or can be expected to

10  last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A),

11  1382c(a)(3)(A); *see also Barnhart v. Thomas*, 540 U.S. 20, 23 (2003).  The impairment or

12  impairments must result from anatomical, physiological, or psychological abnormalities that are

13  demonstrable by medically accepted clinical and laboratory diagnostic techniques and must be of

14  such severity that the claimant is not only unable to do his previous work, but cannot, considering

15  his age, education, and work experience, engage in any other kind of substantial, gainful work that

16  exists in the national economy.  42 U.S.C. §§ 423(d)(2)-(3), 1382c(a)(3)(B), (D).

17          The regulations provide that the ALJ must undertake a specific five-step sequential

18  analysis in the process of evaluating a disability.  In the First Step, the ALJ must determine

19  whether the claimant is currently engaged in substantial gainful activity.     20 C.F.R. §§

20  404.1520(b), 416.920(b).  If not, in the Second Step, the ALJ must determine whether the claimant

21  has a severe impairment or a combination of impairments significantly limiting her from

22  performing basic work activities.   20 C.F.R. §§ 404.1520(c), 416.920(c).  If so, in the Third Step,

23  the ALJ must determine whether the claimant has a severe impairment or combination of

24  impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20

25  C.F.R. 404, Subpart P, App. 1.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If not, in the Fourth Step,

26  the ALJ must determine whether the claimant has sufficient residual functional capacity despite

27  the impairment or various limitations to perform her past work.  20 C.F.R. §§ 404.1520(f),

28  416.920(f).  If not, in the Fifth Step, the burden shifts to the Commissioner to show that the

claimant can perform other work that exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(g), 416.920(g).  If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps.  *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

Plaintiff contends that the ALJ impermissibly ignored the Appeals Council's directive to consider the evidence submitted with Plaintiff's subsequent application for SSI, and asserts that the Court should remand this action for further administrative proceedings so the ALJ may evaluate Plaintiff's disability based on all the evidence from both applications.  Further, Plaintiff contends that the ALJ erred in failing to obtain testimony from a medical expert, asserting that the Appeal Council's indication that the ALJ "may wish to obtain testimony from a medical expert to address the issue of onset of disability prior to June 1, 2010," required the ALJ to seek testimony from a medical expert.  Plaintiff also states that the ALJ erred in failing to consider whether Plaintiff could have been found disabled after September 2001, the last date insured for DIB.  Plaintiff contends that his application for DIB indicates that he is applying for all benefits, and therefore he also applied for SSI with his DIB application.  As such, the ALJ committed error by failing to determine whether Plaintiff was disabled on a date after September 2001.  (Doc. 31, 6:1-12:21.)

Defendant contends that the both the certified administrative record and the ALJ's written decision prove that the ALJ complied with the May 18, 2011, order from the Appeals Council.  Further, the ALJ properly concluded that it was unnecessary to obtain the testimony of a medical expert, and such testimony was not required in this action.  Finally, Defendant asserts that Plaintiff's argument that the ALJ should have considered whether Plaintiff was eligible for SSI benefits when he applied for DIB lacks merit, as Plaintiff did not apply for SSI when he applied for DIB and the Appeals Council's order does not suggest that the ALJ should *sua sponte* consider Plaintiff's eligibility for SSI.  (Doc. 32, 6:1-9:5.)

**A.      Plaintiff's June 13, 2006, Application for DIB Did Not Include an Application for SSI**

On June 13, 2006, Plaintiff submitted an application for DIB.  (AR 107.)  A claimant seeking DIB bears the burden of proof that he was either permanently disabled or subject to a

1   condition which became so severe as to disable him prior to the date upon which his disability

2   insured status expired.  42 U.S.C. § 423(c); *see also Armstrong v. Comm'r of Soc. Sec. Admin.*,

3   160 F.3d 587, 589 (9th Cir. 1998) ("In order to obtain disability benefits [DIB], [a claimant] must

4   demonstrate that he was disabled prior to his last insured date.")  Here, the ALJ determined, and

5   Plaintiff does not contest, that Plaintiff's last date insured for DIB benefits was September 30,

6   2001.  (AR 272-81.)  As such, to be eligible for benefits under DIB, Plaintiff must show that he

7   became either permanently disabled or subject to a condition so severe as to disable him prior to

8   September 30, 2001, his date last insured for DIB. 42 U.S.C. § 423; *Armstrong*, 160 F.3d at 589.

9        Plaintiff contends, however, that his application for DIB also automatically included an

10  application for SSI.  While disability benefits under both DIB and SSI are predicated on the

11  claimant being found disabled,

12      SSI benefits are clearly distinguishable from . . . Social Security disability
    insurance benefits [DIB] . . . . [D]isability insurance benefits are paid to those
13  persons who are insured, as a result of payroll tax contributions, as well as disabled.

14      In contrast, "[t]he Supplemental Security Income [SSI] Program is a federally
    funded welfare program administered through the Social Security Administration."
15  It was established by title XVI of the Social Security Act (42 U.S.C. § 1381 et
    seq.). Thus, unlike . . . Social Security disability insurance benefits, which require
16  past contribution by a wage earner, SSI "provides benefits to aged, blind, and
    disabled individuals who have income and resources below certain statutory
17  amounts."

18  *Elsenheimer v. Elsenheimer*, 124 Cal. App. 4th 1532, 1537-38 (2004) (citations omitted)

19  (discussing the difference between DIB and SSI).

20       As such, a determination of disability benefits under SSI, unlike DIB, does not depend

21  upon a showing that the disability arose during the insured period, but is instead based in part on a

22  showing that the claimant was disabled and met the financial requirements for SSI.  *See* 20 C.F.R.

23  § 416.202.  Accordingly, there is no "last date insured" for consideration under SSI.

24       One of the requirements for SSI is that the claimant must "file an application for SSI

25  benefits."  *Id*. at § 416.202(g); *see also* § 416.920(a)(2).  Plaintiff, however, does not contend that

26  he filed a separate application for SSI along with his DIB application.  Instead, Plaintiff asserts

27  that his DIB application, filed on June 13, 2006, included an application for SSI because the

28  application states that Plaintiff was applying for all benefits that he was eligible under Title II and

Title XVI of the Act, and thus SSI benefits are included within the DIB application.  (Doc. 31, 12:4-16; *see also* AR 107.)  Plaintiff thus contends that "the ALJ committed error for construing his obligation as only having to go back to the date last insured of September 2001."  (Doc. 31, 12:17-18.)

Plaintiff provides no authority to support his contention that an application for DIB is also an automatic application for SSI.  The Code of Federal Regulations expressly requires that, to be eligible for SSI, a claimant must "file an application for SSI benefits."  20 C.F.R. § 416.202(g).  Further, although Plaintiff's DIB application notes consideration for eligibility under Title VII, the presumption that a Title II application for DIB is an application for Title XVI benefits under SSI is incorrect.  "SSA [Social Security Administration] policy states that a Title II application [for DIB] is not considered an application for SSI benefits."  2A *Social Security Law and Practice*, § 30:5 (Michael Flaherty, et al., eds., 2007) (citing SSA's Program Operations Manual System ("POMS") § GN 00204.020(B)(4)(b)).[4]  As such, Plaintiff only filed an application for DIB and has failed to show that his DIB application must be concurrently construed as a SSI benefits application.

In sum, Plaintiff's assertion that the ALJ erred in only considering the disability onset date through the date last insured for DIB is without legal authority and lacks merit.  Accordingly, the ALJ was only required to determine whether Plaintiff became disabled prior to September 30, 2001, his date last insured under DIB.

**B.     The ALJ's Actions Regarding the Appeals Council's Order Did Not Create Harmful Error**

On May 16, 2011, the Appeals Council, upon remand of the case from this Court in accordance with sentence six of section 205(g) of the Act, remanded this action to the ALJ for further consideration.  (AR 332.)  The Appeals Council's order states in pertinent part:

> The Appeals Council notes that the claimant was found under a disability as of June 1, 2010, based on a subsequent application.  Therefore, the Appeals Council vacates the final decision of the Commissioner of Social Security and for the period prior to June 1, 2010, remands this case to an Administrative Law Judge for further proceedings consistent with this order of the court.  The Administrative Law Judge

---

[4] While "[t]he POMS does not have the force of law, . . . it is persuasive authority."  *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006) (citing *Hermes v. Sec'y of Health & Human Servs.*, 926 F.2d 789, 791, n. 1 (9th Cir. 1991)).

1
2
3
4

> will comply with the court order and take the actions set forth therein. In addition, the Administrative Law Judge will consider the additional evidence submitted with the subsequent claim. The Administrative Law Judge may wish to obtain the testimony of a medical expert to address the issue of onset of disability prior to June 1, 2010, in accordance with Ruling 83-20. The Administrative Law Judge will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision.

5   (AR 332.)

6   Plaintiff contends that the ALJ impermissibly ignored the Appeals Council's directive to

7   consider the evidence associated with his subsequent application. (Doc. 31, 6:1-8:14.) Defendant

8   contends that both the certified administrative record and the ALJ's decision prove that the ALJ

9   fully complied with the Appeals Council's order, and asserts that documents that had been

10  included in Plaintiff's subsequent application were added to the administrative record in this case.

11  (Doc. 32, 6:1-28.) Plaintiff contends that the added documents did not come from Plaintiff's

12  subsequent application, with only limited exceptions, and the ALJ does not show that he

13  considered the evidence in the subsequent application. (Doc. 33, 3:14-7:19.)

14  On October 28, 2011, the ALJ issued a decision that noted the Appeals Council's directive,

15  and stated that "this decision [is] done in compliance with the Appeals Council remand order,"

16  which Defendant asserts shows that the ALJ considered the evidence in the subsequent

17  application. (AR 269; Doc. 32, 6:15-17.) Further, Defendant contends that the ALJ's decision

18  points to certain medical evidence submitted with Plaintiff's subsequent application. (Doc. 32,

19  6:18-21 ("In addition, in his evaluation of the evidence, the ALJ specifically discussed, in detail,

20  some of the evidence that Plaintiff submitted in connection with his June 2010 application for SSI

21  and found it did not support a finding that Plaintiff was disabled prior to June 2010 (*See, e.g.*, Tr.

22  277 (referring to May 2011 medical record . . ."))); *see also* AR 277.) However, the ALJ's

23  decision does not expressly identify what, if any, medical records were obtained from Plaintiff's

24  subsequent application. (*See* AR 269-81.) As such, although the ALJ states that the decision

25  complies with the Appeals Council's order, it is unclear how the ALJ actually complied.

26  It is legal error for the ALJ to disregard the Commissioner's regulations. *See Orn v.*

27  *Astrue,* 495 F.3d 625, 635-36 (9th Cir. 2007). As set forth in 20 CFR § 404.977, on remand the

28  ALJ "shall take any action that is ordered by the Appeals Council and may take any additional

action that is not inconsistent with the Appeals Council's remand order."   *See also Hernandez-Devereaux v. Astrue*, 614 F. Supp. 2d 1125, 1134 (D. Or. 2009).  However, even if the ALJ failed to properly follow the Appeals Council's instructions, he committed reversible error only to the extent that such error was not harmless, i.e., only to the extent that substantial evidence does not support the ALJ's ultimate conclusions. *See Hernandez-Devereaux*, 614 F. Supp. 2d at 1134 (citing *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)); *Quimby v. Com'r of Soc. Sec.*, No. CIV. A. 1:09-CV-20, 2010 WL 2425904, at *8 (D. Vt. Apr. 13, 2010) report and recommendation adopted sub nom. *Quimby v. Astrue*, 1:09-CV-20, 2010 WL 2425903 (D. Vt. June 8, 2010).  Further, "the remand order itself is not subject to review or enforcement by the Court . . . . The Court's role is limited to evaluating the decision of the ALJ." *Godinez v. Astrue*, No. No. CV 08-00091-VBK, 2008 WL 5146641, at *4 (C.D. Cal. Dec. 8, 2008) (citing *Russell v. Bowen,* 856 F.2d 81, 84 (9th Cir. 1988)).

The ALJ provides an extensive analysis of Plaintiff's medical records in support of his decision, considering records dating from 1998 through 2011.  (*See* AR 274-78.)  The ALJ summarizes the evidence as follows:

> In support of the residual functional capacity which has been established in this case, the undersigned notes a lack of ongoing and significant clinical findings which would warrant a finding of disability prior to the date last insured.  Although the claimant alleged constant pain since 1999, there are large gaps of time between the visits to the doctor seeking relief from that pain.  He is treated for his severe impairments in December 1997; September and October 1998; June, July, August and October 1999; May 2001; January 2002; January to June 2004 (monthly); June [and] September 2005; September 2007; June, September and October 2010; May, July and September 2011 . . . . *During the period at issue, there is no treatment in 2000 and a single visit in 2001.*  With regards to the claimant's allegations with regard to the application of SSR [Social Security Ruling] 83-20 and relating back to the period at issue after his finding of disability as of June 1, 2010, the significant gaps in treatment challenge an ability to find constant pain and limitations even after the date last insured - he is seen once in 2002, not at all in 2003, for 6 months in 2004, twice in 2005, not at all in 2006, once in 2007, and not at all in 2008 and 2009.

(AR 277-78.)

Plaintiff contends that "[t]his case concerns pure questions of law" and does not challenge any of the ALJ's findings.  (Doc. 31, 4:2.)  Plaintiff does not contend that the ALJ misinterpreted the evidence or incorrectly applied the evidence in determining Plaintiff's RFC or in finding that

1  Plaintiff was not disabled prior to September 30, 2001, the date last insured under DIB.  Instead,

2  Plaintiff contends that the ALJ's alleged failure to comply with the Appeals Council's directive to

3  consider the evidence associated with the subsequent application essentially requires a *per se*

4  remand.

5        It is actually unclear whether or not the ALJ failed to consider the evidence in the

6  subsequent application, as the decision discusses medical evidence ranging for over a decade.

7  However, even to the extent that the ALJ did not consider additional evidence from the subsequent

8  application, Plaintiff fails to show that such action amounted to prejudicial error.  Plaintiff does

9  not indicate what additional records, if any, were contained in his subsequent SSI application that

10  were not considered here by the ALJ, or how those records relate to Plaintiff's claim for disability

11  prior to September 2001, the date Plaintiff was last insured for DIB.  Plaintiff does not contest the

12  ALJ's findings or show how they were unsupported by substantial evidence.  As such, Plaintiff

13  does not show that the ALJ committed prejudicial error in allegedly failing to follow the directive

14  of the Appeals Council, and thus remand is not warranted.

15  **C.      The ALJ Was Not Required to Obtain Testimony from a Medical Expert**

16        Plaintiff contends that the ALJ erred in failing to obtain the testimony from a medical

17  expert as instructed in the Appeals Council's remand order.  (Doc. 31, 8:17-12:21.)  Defendant

18  contends that the ALJ properly concluded that it was not necessary to obtain the medical expert

19  testimony.  (Doc. 32, 7:1-9:5.)

20        The Appeals Council's remand orders states in pertinent part that "[t]he Administrative

21  Law Judge may wish to obtain the testimony of a medical expert to address the issue of onset of

22  disability prior to June 1, 2010, in accordance with Ruling 83-20."  (AR 332.)

23        SSR 83-20[5] provides guidance regarding the onset of disability and states that when

24  precise evidence is not available and there is a need for inferences, "[a]t the hearing, the

25  administrative law judge (ALJ) should call on the services of a medical advisor when onset must

26

27  _____

[5] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social
   Security Administration has adopted.  20 C.F.R. § 402.35(b)(1).  Once published, these rulings are binding precedent

28  upon ALJs.  *Heckler v. Edwards*, 465 U.S. 870, 873 n.3 (1984); *Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690,
   692 n.2 (9th Cir. 1999).

1    be inferred."  Plaintiff asserts that if the ALJ must infer an onset date, as opposed to cases where

2    the onset of disability is relatively clear, then the Ninth Circuit has held that "the 'should' language

3    in SSR 83-20 actually means 'must'" - in other words, the ALJ is required to obtain the testimony

4    of a medical expert.  (Doc. 31. 9:21-22 (citing *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir.

5    1991).)

6         In *DeLorme*, the Ninth Circuit found that "[i]n the event that the medical evidence is not

7    definite concerning the onset date and medical inferences need to be made, SSR 83–20 requires

8    the administrative law judge to call upon the services of a medical advisor and to obtain all

9    evidence which is available to make the determination."  924 F.2d at 848.  Accordingly, when the

10   disability onset date is not clear, "*DeLorme* . . . held that in this context 'should' means 'must.'"

11   *Armstrong*, 160 F.3d at 590 (citing *DeLorme*, 924 F.2d at 848).

12        Both *DeLorme* and *Armstrong* are clear that SSR 83-20 requires the ALJ to obtain the

13   testimony of a medical expert when the disability onset date is unclear.  In *Armstrong*, however,

14   the Ninth Circuit stated that its holding did not relieve a claimant of the ultimate burden of proving

15   that he was disabled before his disability insured status expired.  *Armstrong*, 160 F.3d at 590

16   ("[W]e do not relieve Armstrong and other DIB claimants of their ultimate burden to prove

17   disability before expiration of disability insured status.  Armstrong must still prove he was

18   disabled while he was insured."); *see also Hill v. Comm'r of Soc. Sec.*, No. 1:09-CV-00073-SMS,

19   2010 WL 2606025, at *8 (E.D. Cal. June 28, 2010).

20        Here, the Appeals Council noted that Plaintiff was found disabled as of June 1, 2010, in his

21   subsequent SSI application.  (AR 332.)  There is no ambiguity, however, regarding the medical

22   evidence supporting the ALJ's finding that Plaintiff was not disabled prior to September 30, 2001,

23   the date last insured for DIB benefits.  The ALJ provided an extensive analysis of the medical

24   records, including Plaintiff's lack of treatment in 2000 and single treatment visit in 2001, and

25   determined that Plaintiff was not disabled prior to September 30, 2001.   (*See* AR 273-78.)

26   Plaintiff does not contest these findings.  As there is no ambiguity regarding Plaintiff's disability

27   during the time during which Plaintiff was eligible for benefits under DIB, the ALJ was not

28   required to obtain medical expert testimony.  *See Harrison v. Astrue*, No. C 10-03711 WHA,

2011 WL 2039069, at *4 (N.D. Cal. May 25, 2011) ("The ALJ has an obligation to assist in developing the record, but the claimant has the burden of proving that he or she became disabled before the expiration of his or her insurance. *Armstrong* explicitly left that burden intact . . . . Regularly bringing in a government-sponsored expert to opine on a claimant's condition during the relevant period, based only on evidence that the claimant was *potentially* disabled *outside* the relevant time period, would not be consistent with this allocation of responsibility.") (citing *Armstrong,* 160 F.3d at 589-90).  Accordingly, remand is not warranted.

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, the Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, and against Plaintiff Glenn V. Whitsett.

IT IS SO ORDERED.

Dated:   **February 27, 2014**                    **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE

13